JOSEPH A. WALSH II, State Bar No. 143694
joe.walsh@cwn-law.com
ZACHARY J. FARLEY, State Bar No. 245355
zachary.farley@cwn-law.com
COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 2370
Long Beach, California 90831
Telephone: (562) 317-3300
Facsimile: (562) 317-3399

Attorneys for Plaintiff Ice Floe, LLC
d/b/a/ Nichols Brothers Boat Builders

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ICE FLOE, LLC d/b/a NICHOLS BROTHERS BOAT BUILDERS,<br><br>Plaintiff,<br><br>v.<br><br>*M/V Catalina Flyer* (Official Number 929166) her engines, boilers, tackles, and other appurtenances, etc., *in rem*,<br><br>Defendant. | Case No. 8:24-cv-879<br><br>IN ADMIRALTY<br><br>**VERIFIED COMPLAINT *IN REM*** |

Plaintiff ICE FLOE, LLC ("Plaintiff"), by and through its attorneys, Collier Walsh Nakazawa LLP, as and for its Verified Complaint against Defendant *M/V Catalina Flyer* (Official Number 929166), her engines, boilers, tackles, equipment, and other appurtenances, etc., *in rem* ("Defendant"), and stating an admiralty and maritime claim within the meaning of Rule 9(h) and Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure, respectfully alleges and pleads as follows:

### I. JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) and Supplemental Rule C of the Federal Rules of Civil Procedure (the latter, "Rule

C"). Jurisdiction is based on 28 U.S.C. § 1333 for admiralty and maritime claims and 28 U.S.C. § 1331 for lien claims arising from the provision of necessaries under 46 U.S.C. § 31341-43.

2. Plaintiff's *in rem* claim asserted against Defendant by this Complaint is within the jurisdiction of this Court because the Defendant is, or will be during the pendency of this action, present within the Central District of California and subject to arrest within the District to enforce Plaintiff's maritime lien in accordance with Rule C and as expressly permitted by statute, as set forth in Section III, below.

## II. THE PARTIES

3. Plaintiff Ice Floe, LLC (hereinafter "Plaintiff" or "NBBB") is an entity organized and established under the laws of the state of Washington with its principal place of business in Washington.

4. Plaintiff is informed and believes, and based upon such information and belief, alleges Defendant, *M/V Catalina Flyer*, ("Defendant" or "Vessel") is a passenger ferry vessel documented under the laws of the United States bearing U.S. Coast Guard Official Number 929166. It is now, or will be during the pendency of this action within the Central District of California and subject to the jurisdiction of this Court.

## III. BASIS OF CLAIM

5. Based on information and belief, the Defendant is owned and operated by Balboa Manor LLC, ("Owner") a limited liability company formed under the laws of California with its principal place of business at 400 Main Street, Newport Beach, California.

6. Upon information and belief, Plaintiff alleges that the Defendant is presently engaged in regular trade between ports at Avalon, California and Newport Beach, California.

*October 29, 2021 Repair Contract*

7. On or about October 29, 2021, a VESSEL REPAIR CONTRACT (herein

2
VERIFIED COMPLAINT IN REM

"the contract") was agreed upon between Ice Floe, LLC d/b/a Nichols Brothers Boat Builders and Balboa Manor, LLC as "Owner" of Defendant *M/V Catalina Flyer*. Attached hereto as Exhibit 1 is a true and correct copy of the October 29, 2021 vessel repair contract.

8. A scope of work was agreed between the parties and appended to the contract as "Exhibit A."

9. Clause 4 of the contract set out the pricing terms for the contract stating in part "(A) To be billed and paid on a time and materials basis (T&M). Labor shall be billed and paid pursuant to the rates set forth in Exhibit C. Materials and Expenses shall be billed and paid at cost plus 20%."

10. Plaintiff thereafter and in reliance of the contract provided the services and materials to the Vessel pursuant to the scope of work for which it is entitled to full payment.

*August 29, 2023 Addendum*

11. On or about August 29, 2023, Plaintiff Ice Floe, LLC and Balboa Manor, LLC as Owner of Defendant *M/V Catalina Flyer* entered into an agreement styled "ADDENDUM TO VESSEL CONSTRUCTION/REPAIR/MODIFICATION AGREEMENT DATED OCTOBER 29, 2021" (herein "the addendum" or "the August 29 addendum") executed by duly authorized representatives for each party. Attached hereto as Exhibit 2 is a true and correct copy of the August 29 addendum.

12. Among other material terms in the addendum, NBBB agreed to redeliver the Vessel to its Owner before receiving payment in full in exchange for repayment in accordance with the payment plan and amended terms and conditions set forth and agreed in paragraphs 1 through 12 of the addendum.

13. In Paragraph 7 of the August 29 addendum, the parties also agreed to a revised redelivery date of November 1, 2023 stating "Builder [NBBB] and Owner agree to a revised Estimated Completion and Redelivery Date of November 1, 2023, which date shall be extended if Owner requests additional work pursuant to agreed

3
VERIFIED COMPLAINT IN REM

Change Orders, or if other permissible delays occur ("New Redelivery Date"). If Builder redelivers the Vessel more than fifteen (15) days after the New Redelivery Date, as adjusted for Change Orders and permissible delays, Builder agrees to provide a credit to Owner of $500.00 per day for each full day that redelivery occurs after the New Redelivery Date, up to a maximum of $75,000."

14. Paragraph 9 of the August 29 addendum restates Plaintiff's rights under the general maritime law to enforce its maritime lien against the *M/V Catalina Flyer* stating "[i]f Owner fails to make one or more of the payments required under this Addendum, Builder [NBBB] shall have a maritime lien on the Vessel, which Owner agrees the Builder has the right to enforce against the Vessel by way of a vessel arrest proceeding in Federal District Court, and Owner will not contest Builder's right to do so. Builder retains and may exercise its other legal rights and remedies against Owner for breach of the Agreement or this Addendum, including the right to seize and sell the Vessel under state law pursuant to the law of the State where the Vessel is then located."

*November 13, 2023 Vessel Acceptance*

15. The repairs performed by NBBB to the Vessel were essential to and necessary for the operation of the Vessel and qualify as the provision of necessaries under 46 U.S.C. § 31341-43. Plaintiff's performance of those repairs was completed in a good and workmanlike fashion.

16. On or about November 13, 2023 the Vessel was presented for acceptance to its Owners. A "Vessel Acceptance Document" constituting the formal acceptance of the repaired condition of the Vessel by its Owners was agreed and signed on November 13, 2023 by Mr. Sterling Miles, General Manager and Owner's Representative for Balboa Manor, LLC. Attached hereto as Exhibit 3 is a true and correct copy of the November 13 Vessel Acceptance Document.

*Breach by Owners*

17. In total, Defendant *M/V Catalina Flyer* incurred charges for ship repairs

in the principal amount of $12,687,551.60. To date, a total amount of $8,324,491.24 has been paid leaving a balance of $4,363,060.36 remaining.

18. Balboa Manor, LLC has ceased making scheduled payments to Plaintiff in accordance with the payment plan and terms and conditions agreed in the August 29 addendum and has refused to continue making payments.

19. As the agreed payment plan requires payments be made to Plaintiff every two weeks via wire transfer, Balboa Manor, LLC is in breach of the contract and the terms and conditions agreed in the addendum.

20. Balboa Manor, LLC, through its attorneys, has been notified of the breach and performance of the contract and addendum have been demanded by the Plaintiff.

## IV.   PLAINTIFF'S CLAIMS FOR RELIEF

21. Under United States federal maritime law, Plaintiff Ice Floe, LLC has a maritime lien on the Defendant *M/V Catalina Flyer* for the entire amount owed to Plaintiff plus interest and costs of collection, including attorney's fees.

22. Upon information and belief, Defendant *M/V Catalina Flyer* is presently, or during the pendency of this action will be, on navigable waters of the United States within the jurisdiction of this Honorable Court, and is subject to arrest pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, to enforce Plaintiff Ice Floe, LLC's maritime lien on the Defendant.

23. All and singular, the foregoing is true and correct and within the admiralty and maritime jurisdiction of this Honorable Court.

24. Plaintiff Ice Floe, LLC reserves the right to supplement and amend this Verified Complaint as necessary and appropriate through the discovery of additional information relevant hereto.

WHEREFORE, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the *M/V Catalina Flyer*, her engines, tackle, other appurtenances, etc., *in rem*, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

B. That the United States Marshal for this District arrest the said *M/V Catalina Flyer* and maintain custody over the Vessel until such time as security in sufficient form and amount to secure Plaintiff's claims herein be posted;

C. That all those claiming an interest in the said Vessel be required to file a claim to the said Vessel and answer, all and singular, the allegations of this Verified Complaint;

D. That after further proceedings, judgment be entered herein in favor of Plaintiff and against the *M/V Catalina Flyer*, her engines, tackle, apparel, furniture, equipment, and all other necessaries thereunto appertaining and belonging, *in rem*, in the amount of $4,363,060.36, plus interest, costs of arrest and collection, including attorney's fees, and all such other sums to which Plaintiff Ice Floe, LLC is entitled;

E. That after further proceedings, the *M/V Catalina Flyer*, her engines, tackle, apparel, furniture, equipment, and all other necessaries thereunto appertaining and belonging, be condemned and sold to satisfy the claims asserted herein by Plaintiff Ice Floe, LLC, or, alternatively, that Plaintiff have satisfaction of its claim out of the security, if any, posted to secure the Defendant Vessel's release; and

F. For such other and further relief that justice and the nature of this case will allow.

| | |
|---|---|
| Dated: April 22, 2024 | COLLIER WALSH NAKAZAWA LLP |
| | By: /s/ Joseph A. Walsh II |
| | Joseph A. Walsh II |
| | Zachary J. Farley |
| | Attorneys for Plaintiff Ice Floe, LLC d/b/a/ Nichols Brothers Boat Builders |

7
VERIFIED COMPLAINT IN REM

# VERIFICATION

I, Joseph A. Walsh II, declare as follows:

1. I am an attorney at law duly licensed to practice in all courts in the State of California, including this Honorable Court and am a member of the firm of Collier Walsh Nakazawa LLP, attorneys for Ice Floe, LLC.

2. I have read the foregoing Verified Complaint *In Rem* in this matter, know the contents thereof, and believe the same to be true to the best of my knowledge, information, and belief.

3. This verification is made by myself, and not made by the Plaintiff or an authorized corporate officer because such an individual is not present within this district and cannot provide such verification within the timing requirements necessitated by Defendant's scheduled removal from this Court's jurisdiction.

4. I am authorized by Ice Floe, LLC to provide this verification.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of April, 2024 at Long Beach, California.

/s/ Joseph A. Walsh II
Joseph A. Walsh II